**Brooklynn C. Clark**
PO Box 6898
Portland, Oregon 97228
201.923.9617
BrooklynnClark@mail.com
          *Pro se*

FILED27 AUG '19 14:50USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**BROOKLYNN CLARK,** an individual,

                    Case No. 3:19-cv-00769-YY

          Plaintiffs,

vs.                          **FIRST AMENDED COMPLAINT**
                          (Housing Discrimination - Gender & Race;
**SHELLY DOE**, et al,            Civil Action for Deprivation of Rights; and
                          Violations of Fair Housing Act)

          Defendants.


## NATURE OF THE ACTION

This is an action under 42 U.S.C.§ 1983 and 42 U.S.C.§3604 to correct the unlawful

housing practices, violations of the Fair Housing Act, and deprivation of rights to

vindicate plaintiff's rights and the rights of all others in the city of Tigard and state of

Oregon to live in a safe environment free from unlawful discrimination, and to make the

plaintiff whole.

## JURISDICITON

1.     This court has jurisdiction over the subject matter of this complaint

pursuant to 28 U.S.C.§1331.

2.    This Complaint alleges unlawful housing practices, deprivation of rights, and violations of the Fair Housing Act committed in the District of Oregon, Portland Division.

3.    The court has jurisdiction over plaintiffs' state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C.§1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## PARTIES

4.    **Plaintiff Brooklynn Clark (Brooklynn)** is an individual who was at all material times a resident at the Greenburg Oaks Apartments in the City of Tigard in Washington County, Oregon.

5.    **Defendant Shelly Doe (Shelly)** is an individual who was at all material times a resident at the Greenburg Oaks Apartments in the City of Tigard in Washington County, Oregon. Her actions aided and abetted Income Property Management and/or Community Partners for Affordable Housing in its violations alleged herein.

6.    **Defendant Frankie Doe (Frankie)** is an individual who was at all material times a resident at the Greenburg Oaks Apartments in the City of Tigard in Washington County, Oregon. Her actions aided and abetted Income Property Management and/or Community Partners for Affordable Housing in its violations alleged herein.

7.    **Defendant Tigard Police Department (Tigard PD)** is an agency of the

State of Oregon, a subdivision of the City of Tigard and at all material times was the primary agency charged with enforcing the laws (equally) within Tigard's city limits.

8.     **Defendant Megan Linn (Officer Linn)** is an individual, who was employed by the Tigard PD as a police officer and was the lead officer in this matter and decision maker at the center of this case or controversy.

9.     **Defendant Community Partners for Affordable Housing (CPAH)** is a non-profit landlord/property owner of the Greenburg Oaks apartments who receives federal grants and is the main organization that provides affordable housing in Washington County, Oregon.

10.     **Defendant Rachael Duke (Duke)** is an individual, who was employed at CPAH as executive director and sat on CPAH's board of trustees at all material times. Her actions aided and abetted IPM and/or CPAH in its violations alleged herein.

11.     **Defendant Income Property Management (IPM)** was the for-profit property management company hired by CPAH at all material times to manage Greenburg Oaks apartments.

12.     **Defendant Hillary Winslow (Winslow)** is an individual, who was employed by IPM as the portfolio manager at all material times and of the Greenburg Oaks Apartments. Her actions aided and abetted IPM and/or CPAH in its violations alleged herein.

13.     **Defendant Elena Shayla (Shayla)** is an individual, who was employed by IPM as the property manager at all material times and at the Greenburg Oaks Apartments. Her actions aided and abetted IPM and/or CPAH in its violations alleged herein.

14.     At all material times, the Greenburg Oaks Apartments was owned by

defendant CPAH; a non-profit organization which receives Federal financial assistance within the meaning of 42 U.S.C.§2000(d).

## PROCEDURAL REQUIREMENTS

15.     Brooklynn timely exhausted her administrative remedies. Brooklynn received her Notice of Right to Sue on May 30, 2019 and filed her complaint and this First Amended Complaint within 90 days of her receipt of such Notice.

16.     Brooklynn timely provided notice on July 27, 2018 to defendants of her claims and demand for damages pursuant to ORS 30.275.

## FACTUAL ALLEGATIONS

17.     Brooklynn became a resident at the Greenburg Oaks Apartments on or about March 24, 2017, by signing a lease for an apartment with Shayla.

18.     Brooklynn is an African-American, transgender (male to female) person.

19.     At the time of Brooklynn's  lease signing, she had no barriers that would prevent her from being approved for any apartment at the Greenburg Oaks Apartments based on the written rental criteria guidelines.

20.     Brooklynn was approved for a rental unit without any issues.

21.     Prior to moving into the Greenburg Oaks Apartments, Brooklynn requested to see the unit and Shayla denied her request stating: "The unit isn't ready to be viewed".

22.     Upon moving into the apartment, Brooklynn learned that the apartment

that she was leased had a strong and persisting odor of cat urine; along with many other issues that Brooklynn brought to the attention to Shayla, Winslow, Duke, IPM, and CPAH.

23.     Other than issues with the actual apartment, Brooklynn advised Shayla, Winslow, Duke, IPM, and CPAH of her medical disabilities; and Brooklynn requested two (2) medically necessary reasonable accommodations in accordance with the Fair Housing Act.

24.     One (1) medically necessary reasonable accommodations was to allow Brooklynn's companion animals to live with her and the other (1) was to request that no communications/notices are ever taped to Brooklynn's front door.

25.     Further and during the summer of 2017, Brooklynn learned the community swimming pool was not going to be cleaned nor opened for tenant' use; and that the owners of the Greenburg Oaks Apartments were planning on closing the pool forever.

26.     Shortly after learning about the pool, Brooklynn and a few other tenants (along with their children) at the Greenburg Oaks Apartments formed a lawful Tenants'/Residents' Union, commonly known as the Greenburg Oaks Residents' Union, to address their concerns with the pool, playground, maintenance, asbestos, safety, criminal activity, harassment by IPM and any other issues, collectively before IPM and CPAH.

27.     Immediately after organizing the Greenburg Oaks Residents' Union, retaliation began against the Residents that choose to participate in the aforementioned Union- Brooklynn was the prime target of Shayla, Winslow, Duke, IPM, and CPAH.

28.    On November 7, 2017, Brooklynn filed a complaint in Washington County's Small Claims court against CPAH, IPM, and Shayla for Breech of Contract, Inhabitability Issues, Aggravation of Known Mental Health Issues, and Harassment.

29.    On or about February 2, 2018, Brooklynn filed a letter with the Court asking that the Complaint be dismissed without prejudice, so Brooklynn could re-file that same case/matter in the Civil Division as the jurisdictional money award limit had grown above the small claims limit of ten thousand ($10,000.00).

30.    Brooklynn and the other members of the Greenburg Oaks Residents' Union enlisted the assistance of the Community Alliance of Tenants (statewide renters rights organization), Unite Oregon (statewide social justice organization) and the Tigard Police Department's Community Resource Officer (Stefanie Kourmetis) to get the support those residents' were seeking.

31.    Brooklynn, the Greenburg Oaks Residents' Union, Unite Oregon, and the Community Alliance of Tenants successfully gained permission to host a "Tenant's Right's Workshop" in the community room at Greenburg Oaks on April 28, 2018; and everyone (Shayla, Winslow, Duke, IPM, CPAH, and the Tigard Police Department) were aware of this event.

32.    In fact, Asher Freeman (of Community Alliance of Tenants) was so effective in getting permission to hold this event with the Greenburg Oaks Residents' Union and Unite Oregon that CPAH and/or IPM via Shayla printed out fifty (50) event flyers in English and fifty (50) event flyers in Spanish.

33.    The intention behind that number of flyers was to make sure that every tenant in the eighty-four (84) unit apartment complex would be given a flyer and other

flyers to be posted about the property to inform everyone at the Greenburg Oaks apartments of the "Renter's Right's Workshop".

34.    In the days leading up to the "Renter's Right's Workshop, Brooklynn, as well as, the other members of the Greenburg Oak's Residents' Union posted and re-posted those event flyers in the common areas (exactly where flyers were posted by CPAH, IPM, Shayla, Winslow, and Duke on a weekly basis) on each building at Greenburg Oaks Apartments.

35.    On the morning of April 28, 2018, Brooklynn and the guest of a Resident were speaking in the common area as Brooklynn re-posted the event flyer.

36.    Then, Shelly Doe (Shelly) walked out of her apartment (#67 at the Greenburg Oaks apartments) and shouted, "I am the person taking down your flyers because the landlord told me to"!

37.    Brooklynn attempted to reason with Shelly; however, Shelly began assaulting Brooklynn.

38.    Brooklynn was able to stop  Shelly from assaulting her, finish re-posting the event flyers, and walk back to her apartment (#11 at the Greenburg Oaks apartments).

39.    While Brooklynn was finishing posting the event flyers (two (2) flyers were re-posted in that building with tape completely around the flyer to try and prevent people from removing the flyers); Frankie Doe (Frankie) walks out of her apartment and up the stairs to see what was happening.

40.    Brooklynn and the previously mentioned guest witnessed Frankie exit her apartment (#61 at the Greenburg Oaks Apartments).

41.    Frankie began making accusations against Brooklynn and used numerous racial and/or trans-phobic slurs against Brooklynn. Those slurs were made known to Brooklynn by another resident who was witnessing the entire controversy from the playground area directly in front of the common area where Brooklynn was re-posting the event flyers.

42.    After arriving back to her apartment, Brooklynn began drafting an email to advise CPAH, IPM, Duke, Winslow, Shayla, as well as, the other organizers of the "Renter's Right's Workshop" what occurred.

43.    The Tigard Police Department (Tigard PD) and Megan Linn (Officer Linn) arrived at Brooklynn's apartment, began demanding entry to Brooklynn's Unit, and threatened Brooklynn with arrest and/or a warrant for arrest.

44.    Brooklynn told the Tigard PD and Officer Linn repeatedly that she was peacefully posting event flyers when Shelly came out of her apartment and assaulted Brooklynn.

45.    The Tigard PD and Officer Linn left after about 20 minutes of threatening and accusing Brooklynn of assaulting Shelly even though Brooklynn repeatedly asked Officer Linn to file a complaint against Shelly on her behalf.

46.    The following Tuesday, May 1, 2018; a resident of the Greenburg Oaks Apartments called Brooklynn to advise her that Officer Linn was "hiding" around the corner from Brooklynn's apartment, so Brooklynn advised that resident to approach Officer Linn and ask her if arresting Brooklynn was her intent.

47.     Officer Linn told the resident that she wanted to give Brooklynn a citation for the events of April 28, 2018, so Brooklynn walked over to Officer Linn to accept the citation.

48.     Brooklynn again demanded that Shelly also be cited as she was the actual assailant.

49.     Brooklynn advised Officer Linn that Brooklynn looked forward to complete vindication in a Court of law.

50.     In the presence of the resident that witnessed Brooklynn accept the citation and called Brooklynn to advise her that Officer Linn was "hiding" around the corner; Officer Linn assured Brooklynn that she was going to cite Shelly immediately after citing Brooklynn...

51.     That same witness and Brooklynn watched Officer Linn drive away without citing Shelly, so Brooklynn went to the Tigard Police Department and spoke with Police Chief Kathy McAlpine (Chief McAlpine).

52.     Brooklynn showed Chief McAlpine the video Brooklynn recorded of her conversation with Megan Linn and the Tigard PD on April 28, 2018; and Brooklynn again demanded that her assailant, Shelly be cited for her crime.

53.     Chief McAlpine declined to press charges and suggested the Washington County Sheriff's may be able to help.

54.     Brooklynn contacted the Washington County Sheriff's Department and was told, "if Tigard doesn't want to press charges, then we won't either".

55.     Brooklynn also contacted the Washington County Prosecutor's Office and was told, "your complaint must come to my office through a police department" and "You can not file a criminal complaint on your own".

56.     Days after receiving the citation to appear in court for the assault of Shelly; CPAH, IPM, Duke, Winslow, and/or Shayla either did themselves or directed someone to tape an eviction notice on Brooklynn's apartment door.

57.     On May 11, 2018; Brooklynn filed what became the Bureau of Labor and Industries case# STHODP180629-11010 to expose the illegal housing practices, specifically to address CPAH, IPM, Duke, Winslow, and Shayla's continue violations of the American's with Disabilities Act which was exacerbating Brooklynn's known mental health conditions.

58.     The criminal citation was "No  Complainted", meaning the State chose not to seek any criminal charges against Brooklynn but the damage was already done.

59.     CPAH, IPM, Duke, Winslow, and Shayla used the issuance of a criminal complaint as an opportunity to remove Brooklynn from her apartment.

60.     The Tigard PD and/or Officer Megan Linn collaborated with CPAH, IPM, Duke, Winslow, and Shayla against Brooklynn and on Shelly's behalf primarily due to Shelly's race being white and/or her gender identity being cis-gender, as opposed to Brooklynn being a black, transgender woman.

61.     Frankie gave false witness to the Tigard PD and/or Officer Megan Linn because Shelly and Frankie share the same views of white supremacy, as well as, trans/homo-phobia.

62.     Frankie, Shelly, and Shayla (of IPM) are friends and cigarette smoking buddies. Brooklynn witnessed Frankie, Shelly, and Shayla smoking cigarettes together and discussing other resident's of the Greenburg Oaks Apartments almost daily.

63.     The actions of CPAH, IPM, Duke, Winslow, and/or Shayla are pretext to the unlawful housing discrimination and violations of the Fair Housing Act.

64.     The actions of the Tigard PD and Officer Linn are pretest to unlawful deprivation of Brooklynn's equal rights.

65.     And, the actions of Shelly and Frankie were criminal and motivated by their hatred for non-white people and the LGBT community; Shelly claimed she was acting on behalf of the landlord and had strong social ties with Shayla.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS COMMUNITY PARTNERS FOR AFFORDABLE HOUSING, INCOME PROPERTY MANAGEMENT, RACHAEL DUKE, HILLARY WINSLOW, ELENA SHAYLA, FRANKIE DOE AND SHELLY DOE
42 U.S. Code § 3604(b) - Discrimination in the sale or rental of housing and other prohibited practices

66.     Plaintiff Brooklynn incorporates by reference the allegations of paragraphs 1-65 as though fully set forth herein.

67.     Brooklynn identifies as a black transgender woman. Both Brooklynn's race and gender identity were motivating factors in the defendants' decisions to assault and to discriminate against Brooklynn in the terms and conditions of her rental apartment at the Greenburg Oaks Apartments.

68.     Defendants' discrimination against plaintiff were in violation of 42 U.S.C. § 3604(b).

69.     Plaintiff is entitled to a declaration that defendants acted in violation of the statutory provisions set forth herein and such injunctive relief as the court may direct.

70.     As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages. Plaintiff is entitled to recover her lost wages and benefits that are available to people with stable housing and other economic losses in such amount as may be found appropriate by a jury at trial.

71.     Plaintiff is entitled to be reinstated to her rental unit, or if reinstatement is not feasible, to an appropriate amount for the increased in future rent for a comparable living situation.

72.     As a further result of defendants' actions alleged herein, plaintiff has suffered non-economic damages, including emotional and mental harm, for which Brooklynn should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

73.     Plaintiff is entitled to an award of attorney fees, expert witness fees, and cost incurred herein, pursuant to: 42 U.S.C.§1988(b)

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS COMMUNITY
PARTNERS FOR AFFORDABLE HOUSING, INCOME PROPERTY
MANAGEMENT, RACHAEL DUKE, HILLARY WINSLOW, AND
ELENA SHAYLA,**
42 U.S. Code § 3604(d) - Discrimination in the sale or rental of housing and other
prohibited practices

74.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 73 as though fully set forth herein.

75.     Defendants discrimination against plaintiff by representing the rental unit Brooklynn was to lease/rent was not available for inspection prior to signing a contract; when in fact the unit was available for inspection and over taken by the smell of cat urine.

76.     Defendants intended to harm the plaintiff due to her race and/or gender by renting/leasing an apartment to Brooklynn that was not fit for human occupancy.

77.     Defendants Duke, Winslow, and Shayla encouraged or counseled others to use discriminatory housing practices and/or helped or facilitated in bringing about the loss of permanent housing of plaintiff Brooklynn and is liable for damages for aiding and abetting the unlawful housing action taken against Brooklynn as alleged herein pursuant to 42 U.S.C.§3604(d)

78.     Defendants Duke, Winslow, and Shayla's acts as described herein were done with malice or reckless indifference to the federally protected rights of plaintiff and/or were in reckless disregard of the defendants' societal obligations,  and committed with conscious indifference to the health, safety, and welfare of plaintiff. Defendants Duke, Winslow, Shayla, IPM, and/or CPAH should be assessed punitive damages in such amount as may be appropriate to punish defendants and to deter defendants and others from similar conduct in the future.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS COMMUNITY PARTNERS FOR AFFORDABLE HOUSING, INCOME PROPERTY MANAGEMENT, RACHAEL DUKE, HILLARY WINSLOW, AND ELENA SHAYLA
42 U.S. Code § 3604(3)(B) - Discrimination in the sale or rental of housing and other prohibited practices

79.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 78 as though fully set forth herein.

80.     Plaintiff's race and/or gender was a substantial motivating and determining factor in defendants' decision to ignore plaintiff's medically necessary reasonable accommodations, as well as, the defendants' actions to deprive plaintiff of peaceful/quiet enjoyment of her rental unit/apartment in violation of 42 U.S.C.§3604(3)(B).

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS TIGARD POLICE DEPARTMENT AND MEGAN LINN
### 42 U.S. Code § 1983 – Civil Action for Deprivation of Rights

81.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 80 as though fully set forth herein.

82.    Plaintiffs inability to file criminal charges against Shelly and/or Frankie was due to her race and/or gender in violation of the Civil Rights Act 1866, 42 U.S.C.§1983 in that defendants intentionally deprived Brooklynn of the same rights as are enjoyed by white citizens.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the Court to:

1.    Declare defendants in violation of the statutes set forth in each claim and order such injunctive relief in favor of plaintiff as the Court deems appropriate;

2.    Order defendants to compensate plaintiff in such sums as are alleged in each claim for relief;

3.    Assess against defendants Shelly Doe, Frankie Doe, Megan Linn, Rachael Duke, Hillary Winslow, and Elena Shayla punitive damages in the amount sufficient to deter such defendants and others from similar conduct in the future;

4.    Order defendants to pay prejudgment and post-judgment interest on all amounts due to plaintiff as a result of this action where appropriate;

5.    Award plaintiff her attorney fees, cost, and expenses of suit; and

6.    Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Brooklynn Clark, Pro Se Plaintiff

Dated: August 21, 2019