**Kirk W. Mylander,** OSB No. 993303
kmylander@cisoregon.org
**KRAEMER & LEWIS**
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503)763-3875
Facsimile: (503) 763-3901

Of Attorneys for Defendants City of Tigard and Megan Linn

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BROOKLYN CLARK**, <br><br> Plaintiff, <br><br> v. <br><br> **SHELLY DOE**, **FRANKIE DOE**, **TIGARD POLICE DEPARTMENT, MEGAN LINN, COMMUNITY PARTNERS FOR AFFORDABLE HOUSING, RACHAEL DUKE, INCOME PROPERTY MANAGEMENT**, **HILLARY WINSLOW**, **ELENA SHAYLA**, <br><br> Defendants. | No. 3:19-cv-00769-YY <br><br> **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL AND FOR SANCTIONS** |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to LR 7-1(a), defense counsel certifies that the parties have conferred, and the requested documents have not yet been produced in this matter.

**MOTION**

Pursuant to Fed. R. Civ. P. 26(b)(1), 34, and 37, Defendants Megan Linn and City of Tigard respectfully move the Court for an Order compelling plaintiff to provide complete initial disclosures

Page 1 -   **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

consistent with the Fed. R. Civ. P. 26 (a)(1) and to issue sanctions under Rule 37(c)(1) for the costs of bringing this motion.

This motion is supported by the Memorandum of Law and the Declaration of Kirk W. Mylander with attached exhibits submitted herewith.

## MEMORANDUM

Federal Rule of Civil Procedure 26(a)(1) and required Plaintiff to disclose the individuals, documents, and information that Plaintiff "may use" to support her defenses. After missing multiple deadlines agreed upon by the parties, Plaintiff provided nothing more than a printout of an appellate court brief she filed in a prior lawsuit. Such an "initial disclosure" contains none of the required identifications and is tantamount to no disclosure at all.

Plaintiff first requested that the parties exchange initial disclosures. After receiving Defendants' disclosures, Plaintiff brushed off Defendants attempts to obtain the same from her. When Defendants persisted, Plaintiff engaged in unprofessional ad hominem attacks and simply stated during a call to confer that Defendants can "go ahead and file your motion," necessitating this Motion to Compel.

## BACKGROUND

The parties initially discussed whether or not to waive initial disclosures on Monday, January 20, 2020. Plaintiff stated since she was proceeding pro se that she did not wish to waive anything and would not agree to waive initial disclosures. Plaintiff stated that her disclosures would be everything from a prior case concerning her eviction. Defense counsel informed Plaintiff that would be inadequate according to the rules, which require more.

Plaintiff requested that Defendant disclose first, so she could then follow the same format as Defendants. Defense counsel agreed to this proposal and suggested that Defendants produce initial disclosures to Plaintiff by February 21, 2020, and Plaintiff file her disclosures by March 13, 2020. This way, Plaintiff could see an example of a set of initial disclosures and then be able to prepare her own. Plaintiff emailed her agreement to this proposed schedule, stating to Defense counsel "Yes, that is fine." (Declaration of Kirk Mylander ("Mylander Decl."), Ex. 1.)

Page 2 -   **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Defendants timely provided initial disclosures to Plaintiff on February 20, 2020. (Mylander Decl., Ex. 2.) Four weeks passed and Plaintiff did not provide any disclosures to Plaintiff.

On March 27, 2020 Defense counsel again telephoned and inquired when Defendants could expect disclosures from Plaintiff. Plaintiff again stated that everything was in her former case. Defense counsel repeated that pointing to a former case would be inadequate. Later that same day Plaintiff emailed to Defense counsel a copy of appellant's opening brief in the matter of *Income Property Management and Greenburg Oaks v. Brooklyn Clark*. (Mylander Decl., Ex. 3.)

On August 5, 2020, Defense Counsel emailed Plaintiff Clark and asked, among other things, for Plaintiff to either dismiss her case or provide Defendants with her initial disclosures by August 12, 2020. Specifically, Defense Counsel wrote:

> "Second, you still owe the City your initial disclosures. I have asked for these repeatedly and all you have produced is a print out of a court opinion that you used in one of your prior cases. You and I agreed on the phone that the City would do its initial disclosures first, so that you could review how they were done and craft your own within the following 30 days. That was months ago. Let me know whether or not you will provide your initial disclosures within the next week, by 5pm on Wednesday, August 12, 2002."

Plaintiff replied:

> You (and the Tigard PD) are still trying to perpetuate white supremacy... See you at trial! I guess the protesters are right- A.C.A.B. Black Lives Matter (when will you learn)

Defense counsel responded:

> Ms. Clark, If you want to see us at trial, we have to first move forward with discovery and receiving your initial disclosures. Please give me a call on my direct office line so we can confer.

(Mylander Dec., Ex. 4.)

/ / /

Page 3 -  **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

<u>Plaintiff did call Defense Counsel, who confirmed the call in writing as follows</u>:

> "This confirms the telephone conversation we just concluded, during which I explained that we still needed your initial disclosures and you maintained that the email titled "initial disclosure" that you sent to me was adequate.
>
> I explained that I would be filing a motion to compel, and represent to the court that we discussed disclosures on the phone and you continue to insist you've complied with the initial disclosure requirement. I asked if that was a fair description of our call, and you said "You can tell the court whatever you want and I'll respond."
>
> I then asked if you had anything else about either of your cases to discuss since we were on the phone. You proceeded to argue the merits of your case. When I dd not agree with your characterization of the facts, you ended the call be saying "You know what, I think you're a racist and I don't want to talk to you anymore. You're a racist. Goodbye." And then you hung up. At no time did I reference anyone's race or gender or make any value judgment about race or gender."

(Mylander Decl, Ex. 5 at 1.)

<u>Plaintiff then emailed</u>:

> "You have received my initial discovery and you are clearly a bigot only concerned with protecting bigotry in the police department. Please don't call me!"

(Mylander Decl, Ex. 5 at 2.)

<u>and</u>

> "....actions speak louder than words; you are 100% an active member of the KKK."

(Mylander Decl., Ex. 5 at 1.)

/ / /

/ / /

Page 4 -   **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

# ARGUMENT

I.   **Legal Standard.**

Federal Rule of Civil Procedure 26(a)(1) requires that a party "must, without awaiting a discovery request," identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and provide a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). The purpose of initial disclosures is for parties to provide "basic information that is needed . . . to prepare for trial or make an informed decision about settlement." *Id.* 26(a)(1), advisory committee's note (1993 Amendment § (a)).

Where "a party fails to make a disclosure required by Rule 26(a)," any other party "may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases).

District courts in this Circuit routinely grant motions to compel where a party fails to provide the disclosures required under Rule 26. *See, e.g.*, *Cordeiro v. Sysco Food Servs. of Sacramento, Inc.*, 2010 WL 5233009, at *1 (E.D. Cal. Dec. 16, 2010) (granting defendant's motion to compel initial disclosures, including an award of defendant's reasonable expenses incurred in preparing the motion); *Owens v. Fresno Foods, LLC, et al.*, 2016 WL 8731346, at *1 (E.D. Cal. Aug. 19, 2016) (granting party's motion for Rule 37 sanctions when opposing party only provided initial disclosures after motion to compel had been filed); *Sanders v. Matthew,* 2018 WL 1470473, at *5 (E.D. Cal. Mar. 26, 2018), *report and recommendation adopted,* 2018 WL 5095220 (E.D. Cal. May 3, 2018) (granting defendant police officers' motion to compel and for sanctions against pro se plaintiff who had prosecuted several cases in the District).

Page 5 -   DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

**II.     Plaintiff's "Initial Disclosure" Is Manifestly Inadequate.**

    A.     <u>Plaintiff's Failure to Identify A Single Document Or Individual Is Facially Inadequate Under the Federal Rules of Civil Procedure</u>.

Plaintiff's Initial Disclosures did not identify *any* individuals likely to have discoverable information, nor did she describe any documents. "[A]n evasive or incomplete disclosure […] must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4); *see R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("A major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information). As such, this Court should issue an order compelling Plaintiff to provide a complete disclosure based on her current knowledge of the facts.

Plaintiff has also failed to provide any supporting documents or information regarding her claims of economic and noneconomic damages. The Ninth Circuit has affirmed the advisory committee's note to 1993 Amendments of Fed. R. Civ. P. 26, explaining that, "Pursuant to subsection 26(a)(1)(A)(iii), the plaintiff must provide a computation of each category of damages claimed and must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." *R & R Sails*, 673 F.3d at 1246 (quotations omitted).

    B.     <u>Defendants Are Prejudiced by Plaintiff's Failure to Timely Disclose Pursuant To Rule 26(a)</u>.

Plaintiff's refusal to provide initial disclosures prejudices Defendants' ability to litigate this case. Discovery will close on October 30, 2020. ECF No. 56. Plaintiff has unilaterally decided to withhold her evidence from Defendants until only two months of discovery remain. Plaintiff's obfuscation materially impairs Defendants' ability to investigate the individuals and documents Plaintiff ultimately chooses to reveal. *See Winston v. Land Transp., LLC*, 2007 WL 2471063, at *2 (E.D. Va. Aug. 27, 2007) ("It is beyond question that the disclosures required by Rule 26 are the basis for the framing of further discovery requests by the adverse party.").

Page 6 -   DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Defendants cannot adequately prepare to participate in those depositions without knowing the materials and information on which Plaintiff's witnesses would purport to rely.

Given Plaintiff's refusal to comply with the rules despite the opportunity to do so, the Court should grant Defendants' motion to compel and request for sanctions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)"); *see also Johnson Int'l Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 439 fn 10 (8th Cir. 1994) (explaining that the purpose of sanctions under Rule 37 is "to deter abuse and compensate the opposing party for all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly") (quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, the Court should issue an order compelling Plaintiff to make complete initial disclosures consistent with Federal Rule of Civil Procedure 26(a)(1) within five business days of the issuance of an order granting this Motion and sanction Plaintiff for the delays and costs she caused.

Respectfully submitted this 18th day of September 2020.

KRAEMER & LEWIS

By:   s/ *Kirk W. Mylander*
      Kirk W. Mylander, OSB No. 993303
      kmylander@cisoregon.org
      Attorney for Defendants City of Tigard and
      Megan Linn

Page 7 -   DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2020 I served the foregoing **DEFENDANTS MEGAN LINN AND THE CITY OF TIGARD'S MOTION TO COMPEL**, on the following party at the following address:

> Brooklynn Clark
> BrooklynnClark@mail.com
> P.O. Box 6898
> Portland, Oregon 97228
> Plaintiff Pro Se

by mailing to her a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to her at the address set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

 s/ *Kirk W. Mylander*
Kirk W. Mylander, OSB No. 993303
Attorney for Defendants City of Tigard and Megan Linn

Page 1 -   CERTIFICATE OF SERVICE

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901